Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>DELBERT LEE WHETSTONE,<br><br>                Defendant. | No. MJ 10-421 (BAT)<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR AUTHORIZATION TO ACCESS FUNDS<br><br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

The United States opposes the defendant's motion for access to $369,097 in cash that he had hidden in a storage locker. He also originally hid its existence from the Court despite being specifically asked about all assets in a financial disclosure form submitted to Pretrial Services and despite knowing that access to hidden funds was an important issue in his detention hearing that was repeatedly discussed by both counsel and the Court. The defendant only belatedly informed his counsel of the funds, knowing that the government had been attempting to interview employees and former employees of the medical practice. The tenant for the storage locker, Dr. Whetstone's son, also worked at the medical practice. Because of the defendant's poor record of candor with the Court on this issue, because of the highly suspicious circumstances of the concealment of the cash, and because the defendant has access to substantial funds absent the $369,097, the government respectfully requests that the Court exercise its discretion in maintaining the

GOV'T OPPOSITION/ - 1
Case No. MJ 10-421 (BAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

status quo with regard to those funds by continuing the reasonable condition that the funds be securely maintained by defendant's counsel.

## II. BACKGROUND

As government counsel explained in the detention hearing in this case, the Drug Enforcement Administration has been investigating Dr. Whetstone's medical practice, in particular his prescription of massive amounts of narcotic controlled substances. On September 24, 2010, DEA agents notified Dr. Whetstone that DEA had suspended his registration with DEA that allowed him to prescribe controlled substances. On October 5, 2010, DEA agents executed a search warrant at Dr. Whetstone's medical office in Everett. During that search, agents found cash as well as a bank statement that indicated that deposits had been repeatedly made in an account in what appeared to be a manner designed to avoid reporting requirements. On October 6, 2010, a former employee confirmed that Dr. Whetstone in fact had explicitly stated that the deposits were to be kept under $10,000 because he did not want to deal with an audit. On October 7, 2010, the government obtained a seizure warrant for funds in the account to which the cash was deposited based on a showing that the funds were involved in structuring and were proceeds of illegal drug activity. Earlier that day, Dr. Whetstone withdrew the funds from that account in the form of a guaranteed bank check for $457,119.89 made payable to his wife Karen Johnson. Later on October 7, the government obtained an arrest warrant for Dr. Whetstone based on a criminal complaint charging structuring cash transactions to avoid reporting requirements. That complaint is the basis of the present case. Agents arrested Dr. Whetstone later on October 7. Later that evening, a DEA agent obtained the $457,119.89 check from Dr. Whetstone's wife as well as three bank checks from Dr. Whetstone's account at another bank totaling $67,522. (A DEA agent returned the checks for $67,522 to a representative of defense counsel on October 15, 2010.)

Dr. Whetstone made his initial appearance in this case on October 8. The government moved for detention and the Court held a detention hearing on October 13, 2010. On that same day, agents executed a search warrant at Dr. Whetstone's residence.

GOV'T OPPOSITION/ - 2
Case No. MJ 10-421 (BAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

At the detention hearing, a key issue was whether Dr. Whetstone had access to additional, undisclosed funds and the Court made several inquiries and comments on that topic. Ultimately, the Court ordered Dr. Whetstone released on conditions including financial conditions. The Court set a bond status and review hearing for October 22. On October 21, 2010, defense counsel filed a status report with the Court concerning Dr. Whetstone's compliance with his conditions of release including financial conditions. The report made no mention of the $369,097.49 in cash that Dr. Whetstone had hidden in a storage unit and clearly defense counsel at the time was unaware of those funds.

It was not until the morning of the bond status hearing on October 22, 2010 that defense counsel revealed that Dr. Whetstone had reported having cash in a storage unit. Those funds had not been reported on Dr. Whetstone's Pretrial Services financial disclosure forms. Just before the hearing, defense counsel told government counsel that the funds were likely between $100,000 and $200,000. Defense counsel told the Court that the funds were cash proceeds from Dr. Whetstone's medical practice. During the discussion with the Court that ensued, government counsel said the government was not seizing the funds at that time -- in fact, the government had only known about the funds of undetermined amount for a few moments -- but left open the possibility that the funds could be subject to seizure, and the Court commented on that possibility as well. The Court directed that as a condition of Pretrial Release, defense counsel maintain the funds with no expenditures being allowed absent Court authorization.

On October 29, 2010, defense counsel filed a report showing that the funds found in the storage locker totaled $369,097.49 in cash and $6,381.89 in checks.

### III. ARGUMENT

The defendant now argues that he should be allowed access to the previously hidden funds for "impending and necessary costs of living, legal representation and taxes," which, it is claimed, he will be unable to satisfy without access to these funds now. Defense Motion at 3-4. The available evidence throws doubt on this claim.

First, the defense asserts that Dr. Whetstone has a $5,300 monthly mortgage

GOV'T OPPOSITION/ - 3
Case No. MJ 10-421 (BAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

payment of which the government "is aware." The government also is aware, as presumably is the defense, that financial records seized during the search of Dr. Whetstone's office showed that Dr. Whetstone was seriously in arrears on his two mortgages and in fact had not been making payments since early 2010. The payment that Dr. Whetstone feels is so necessary now apparently was of less significance before this case. It is difficult to conceive of a legitimate reason why Dr. Whetstone would not be making mortgage payments (of more than $50,000) and presumably risking the loss of his house when he had well over $900,000 in readily available funds that the government is aware of: more than $400,000 in cash from the storage locker, his office, and his home, and more than $500,000 in checking accounts. This shows a person who was very liquid and not particularly concerned about losing his house.

The defense also has not addressed why the $67,522 returned to Dr. Whetstone a little more than a month ago -- as well as other funds in his other accounts -- is insufficient to cover the claimed personal and legal expenses. The defense arguments simply lack underlying factual support.

As for Dr. Whetstone's claimed desire to settle his outstanding tax obligations, the government is very willing to enter into discussions concerning a possible agreement to use some of the funds at issue to apply to Dr. Whetstone's tax obligations.

The defense also has offered absolutely no explanation for why Dr. Whetstone deceived the Court in the first place. The government proffers that agent interviews with the storage locker's tenant showed that Dr. Whetstone asked to move certain items to the storage locker on approximately October 2, 2010 (after Dr. Whetstone learned that his DEA registration had been suspended, but before the search warrants were executed). Dr. Whetstone moved firearms from his house as well as a computer monitor box that apparently turned out to contain the cash. At the detention hearing on October 13 -- only nine days later -- the hidden cash clearly had to be in Dr. Whetstone's mind, especially since the Court repeatedly commented on its concern about unknown hidden cash. Yet it was not until more than a week later -- after a defense report had been filed not

GOV'T OPPOSITION/ - 4
Case No. MJ 10-421 (BAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

mentioning the cash -- that Dr. Whetstone notified his counsel, who in turn notified the Court. What of course remains unknown is whether even more hidden funds -- funds hidden perhaps without the knowledge of third parties who might be speaking to government agents -- are available to the defendant. Allowing the defendant access to the previously-hidden cash could allow him to preserve other funds -- not only hidden funds, but funds that without question exist in the form of the $67,522 in returned checks as well as in his other accounts -- to possibly assist in his flight depending upon how this case develops.

There simply remain too many unsupported assertions, unanswered questions, and highly suspicious circumstances for the Court to alter its original and reasonable condition of release concerning the previously hidden cash.

## IV. CONCLUSION

The defendant's motion should be denied.


DATED this _____ day of November, 2010.

                                  Respectfully submitted,
                                  JENNY A. DURKAN
                                  United States Attorney

*s/Mark Parrent*
MARK PARRENT
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: 206-553-4113
Fax: 206-553-4440
E-mail: Mark.Parrent@usdoj.gov

GOV'T OPPOSITION/ - 5
Case No. MJ 10-421 (BAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/Aisha L. Rich*
AISHA L. RICH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4377
FAX: (206) 553-4440
E-mail: aisha.rich@usdoj.gov

GOV'T OPPOSITION/ - 6
Case No. MJ 10-421 (BAT)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970